IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **LATONYA STEVENSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 9:21-cv-00287** |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TYSON FOODS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT TYSON FOODS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 and Local Rule CV-81, Defendant Tyson Foods, Inc., ("Tyson" or "Defendant") hereby removes to this Court the state court action described in Paragraph 1 below. Pursuant to 28 U.S.C. § 1446(a), Defendant sets forth the following "short and plain statement of the grounds for removal."

## A.
## THE REMOVED CASE

1.  The removed case is a civil action first filed with the 123rd Judicial District Court of Shelby County, Texas on October 11, 2021 styled *LaTonya Stevenson v. Tyson Foods, Inc.,* under Cause No. 21CV35822. The case arises out of a purported incident that Plaintiff, LaTonya Stevenson ("Stevenson" or "Plaintiff"), alleges occurred at Defendant's processing facility in Center, Texas on or about July 22, 2021.

## B.
## DOCUMENTS FROM REMOVED ACTION

2.   Pursuant to Local Rule CV-81, Defendant attaches the following documents to this Notice of Removal:

(a) A list of all parties in the case, their party type and current status;

(b) A civil cover sheet and certified copy of the state court docket sheet; a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.); all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court, as required by 28 U.S.C. § 1446(a);

(c) A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and party or parties represented by him/her;

(d) A record of which parties have requested trial by jury; and

(e) The name and address of the court from which the case is being removed.

The aforementioned documents are attached to this Notice of Removal as *Exhibit A.* Additionally, Defendant is simultaneously filing a separately signed Disclosure Statement that complies with Federal Rule of Civil Procedure 7.1.

## C.
## REMOVAL IS TIMELY

3.   Plaintiff, LaTonya Stevenson, ("Plaintiff" or "Stevenson"), filed the present civil suit against Defendant Tyson Foods, Inc. ("Tyson" or "Defendant") in the 123rd Judicial District Court of Shelby County, Texas (the "State Court Action"), on

October 11, 2021.  Plaintiff served Tyson with the Original Petition (the "Petition"), on October 15, 2021. In the Original Petition, Plaintiff asserts negligence-based causes of action against Defendant based on an alleged workplace injury. Defendant timely filed its Original Answer on November 8, 2021.

4. Defendant has filed this Notice of Removal within thirty days after receiving papers indicating that the present lawsuit was filed in the Shelby County court, and subsequently became removable to the United States District Court for the Eastern District of Texas. Defendant, therefore, contends that this removal is timely made.[1]

### D.
### VENUE IS PROPER

5. The United States District Court for the Eastern District of Texas is the only proper venue for the removal of the state court action pursuant to 28 U.S.C. § 1441(a) because the 123rd Judicial District Court of Shelby County, Texas, is located within the jurisdiction of the United States District Court for the Eastern District of Texas, Lufkin Division.

### E.
### DIVERSITY OF CITIZENSHIP EXISTS

6. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.

---

[1] *See*, 28 U.S.C. § 1446(b)(3). Because the 30th day after Defendant was served with Plaintiff's Petition fell on a Sunday, Defendant files this Notice of Removal on the next day that is not a Saturday, Sunday, or legal holiday. *See*, FED. R. CIV. P. 6(a)(1)(C).

7. As admitted in the Original Petition, Plaintiff is a resident of Louisiana.[2] In determining diversity jurisdiction, the state where someone establishes his domicile serves as a dual function as his state of citizenship."[3] Therefore, Defendant contends that Plaintiff was domiciled in, and was a citizen of Louisiana at the time Plaintiff's Original Petition was filed in the Shelby County court.

8. Defendant is a foreign corporation formed under the laws of the State of Delaware. Defendant's primary place of business is in the State of Arkansas. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is not a citizen of the State of Louisiana.

9. Because Plaintiff is a citizen of the State of Louisiana and Defendant is not, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332.

## F.
## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10. In the Original Petition, the Plaintiff affirmatively states that she "suffered extensive and severe injuries."[4] Plaintiff is seeking damages for past and future medical expenses, pain, suffering, mental anguish, physical impairment, disfigurement, loss of earning capacity, and lost wages."[5] Despite the alleged extensive and severe injuries, Plaintiff claims "the amount in controversy in this matter does not exceed $75,000.000.[6] Notably, Plaintiff's Prayer notes she seeks a

---

[2] *See*, "Plaintiffs' Original Petition" at p. 2, ¶ 4, a true and correct copy of which is produced herein.
[3] *See*, *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).
[4] *See* Plaintiff's Original Petition at p. 2, ¶ 7.
[5] *Id.* at p. 3, ¶ 11.
[6] *Id.* at p. 1, ¶ 3.

total sum in excess of the minimum jurisdictional limits of this court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and further relief, to which [Plaintiff] may be justly entitled."[7] Viewing the Petition in its totality including Plaintiff's allegation of "extensive and severe" injuries demonstrates that the damages Plaintiff seeks are in excess of $75,000.

11. Further, Plaintiff's damage-limiting statement both goes beyond and is not in compliance with the permissible pleading requirements of TEXAS RULE OF CIVIL PROCEDURE 47(c). As such, the only conclusion that can be drawn from the Plaintiff affirmatively stating that the amount in controversy does not exceed $75,000 is that Plaintiff is attempting to evade this Court's jurisdiction. District courts interpreting Rule 47 have continued to hold that plaintiffs may not plead unliquidated damages in a specific amount.[8] The Fifth Circuit has acknowledged the opportunity of artful manipulation and has prescribed the following solution where Plaintiffs indeed seek damages under $75,000:

> We have nevertheless remained vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more. This is one reason why we have held that if a state court defendant can show that the amount in controversy actually exceeds the jurisdictional amount, then the state court plaintiff who is seeking to prevent removal must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for

---

[7] *Id.* at p. 1, ¶ 4.
[8] *See, e.g., A &C Disc. Pharmacy, L.L.C. v. Caremark, L.L.C.,* Civ. A. No. 3:16–CV–0264–D, 2016 WL 3126237, at *2 n.2 (N.D. Tex. June 3, 2016)("[B]ecause Rule 47 'requires plaintiffs to state their damage requests in the form of... prescribed, broad ranges, that provision effectively preclude[s] plaintiffs from requesting specific damage amounts.'(citation omitted)); *Chavez v. State Farm Lloyds,* Civ. A. No. 7:15–CV–487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) ("[W]hile it is true that [Rule 47] was amended 'to require a more specific statement of the relief sought by a party,' Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000." (citing Tex. R. Civ. P. 47)).

which he has prayed in his state court complaint…litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.[9]

12.     When determining the amount in controversy, federal courts consult the state court petition. Generally, the sum claimed by the plaintiff controls whether the claim is apparently made in good faith. Stevenson's specific assertion that the amount in controversy does not exceed $75,000 should ***not*** be deemed the amount in controversy for purposes of determining this Court's jurisdiction because "[s]uch manipulation is [improper and] surely characterized as bad faith."[10]  TEXAS RULE OF CIVIL PROCEDURE 47(c) requires plaintiffs to plead a specific range of damages, by asserting one of five (5) available statements expressly set forth therein and no other. Specifically, the Rule requires a plaintiff to state that he seeks: (1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs; (2) monetary relief of $250,000 or less and non-monetary relief; (3) monetary relief over $250,000 but not more than $1,000,000; (4) monetary relief over $1,000,000; or (5) only non-monetary relief.

13.     Here, Stevenson took an unnecessary and impermissible step by attempting to allege her damages just so happen to be less than the threshold for removal to federal court. Texas law has never permitted a plaintiff to plead that he or she seeks damages not to exceed $75,000. It is apparent that the Plaintiff is well

---

[9] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) (internal quotations and citations omitted).
[10] *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc.* (Ohio), No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014); *Espinoza v. Allstate Texas Lloyds*, 222 F. Supp.3d 529, 536 (W.D. Tex. 2016).

aware that her claimed damages exceed $75,000 and is simply trying to avoid federal court.

14. An instructive case on the issue of pleading damages in this manner is *Wilson v. Hibu*. In that case, the Honorable Sam A. Lindsay stated that Rule 47 does not provide plaintiff with "a means to avoid federal jurisdiction" by pleading that his damages were only $75,000 or less.[11] In denying the Plaintiff's motion for remand, Judge Lindsay determined that plaintiff's allegations regarding the amount of monetary relief in the Petition could not serve as a basis for remand. So too should this Court reach the same conclusion Judge Lindsay did in *Wilson*.

15. As Defendant has demonstrated, there is no justifiable reason for Plaintiff to plead damages in the manner that she did unless she is purposely trying to evade federal jurisdiction. As such, Plaintiff's damages-limiting statement should not control the Court's analysis on whether the amount in controversy requirement has been met for removal.

16. Thus, based on the aforementioned facts pled in the Original Petition and the above supporting arguments, the State Court Action may be removed to this Court by the Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of Texas; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[11] *Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816 at *5 (N.D. Texas. Oct. 28, 2013).

## G.
## FILING OF REMOVAL PAPERS

17. Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to all counsel of record and is filing a copy of this Notice with the Clerk of the 123rd Judicial District Court of Shelby County, Texas, in which this action was originally commenced.

## H.
## CONCLUSION

18. Defendant hereby removes the above-captioned action from the 123rd Judicial District Court of Shelby County, Texas, and requests that further proceedings be conducted in the United States District Court for the Eastern District of Texas, Lufkin Division, as provided by law.

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939


By:   /s/ *Zach T. Mayer*
      Zach T. Mayer
      State Bar No. 24013118
      Email: zmayer@mayerllp.com
      J. Edward Johnson
      State Bar No. 24070001
      Email: ejohnson@mayerllp.com
      G. Adrian Galvan
      State Bar No. 24108601
      Email: agalvan@mayerllp.com

**ATTORNEYS FOR DEFENDANT
TYSON FOODS, INC.**

## CERTIFICATE OF SERVICE

      This is to certify that on the 15TH day of November 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**VIA EMAIL/ECF**
e-service@daspitlaw.com
Coby Steele
DASPIT LAW FIRM
440 Louisiana Street, Suite 1400
Houston, Texas 77002

                                             /s/ *Zach T. Mayer*
                                              Zach T. Mayer